FILED
JUN 23 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE DUVARDO,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE GIURBINO, warden,<br><br>    Respondent.<br>_____/ | No. C 05-5428 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

    Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 murder convictions in Lake County Superior Court. When he filed his habeas petition, petitioner also filed a request for a stay and abeyance. The court denied the motion without prejudice to petitioner filing a new motion for a stay in which he provided certain information necessary for the court to determine whether a stay was appropriate.

    Petitioner has now filed a "motion to resubmit request to stay and obey [sic] federal habeas proceedings." Upon due consideration, the court construes the motion to be a motion for a stay and GRANTS it. (Docket # 6.) Petitioner has shown good cause for his failure to exhaust his claims first in state court before filing the federal petition, the claims are not meritless, and there does not appear to be any intentionally dilatory litigation tactic by the petitioner. See Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).

1   This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the
2   action. Nothing further will take place in this action until petitioner exhausts the
3   unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the
4   court's stay and proceed with consideration of his habeas petition. Petitioner must act
5   diligently to get his state court petition filed and promptly return to federal court after his
6   state court proceedings have concluded. If petitioner does not return within thirty days of
7   exhausting the unexhausted claim, the action or the unexhausted claims may be dismissed.
8   See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).
9   Petitioner also must exercise continuous diligence during the exhaustion process in the state
10  courts: once his habeas petition is denied by one state court, he should file any petition at the
11  next level state court within thirty days of the denial by the lower state court. Imposing these
12  time limits for petitioner to expeditiously get to, through, and back from state court furthers
13  the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas
14  proceedings. See Rhines, 125 S. Ct. at 1534.

15  Petitioner's second request for appointment of counsel is DENIED for the same
16  reasons his first request for counsel was denied in the order upon initial review. (Docket #
17  5.)

18  IT IS SO ORDERED.
19  DATED: June 22, 2006

    Marilyn Hall Patel
    United States District Judge