UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY LEE DUVARDO,

    Petitioner,

v.

GEORGE GIURBINO, warden,

    Respondent.

No. C 05-5428 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Jeffrey Lee Duvardo filed a pro se petition for writ of habeas corpus to challenge his 2002 murder convictions from Lake County Superior Court. At Duvardo's request, the court stayed proceedings in this action so that Duvardo could exhaust state court remedies for several claims he wanted to present in federal court. Duvardo apparently has completed his state court exhaustion efforts and now wants to move forward with this action. He recently filed a "motion to submit habeas," a request for counsel, and an amended habeas petition.

## BACKGROUND

Duvardo was convicted in Lake County Superior Court of two counts of first degree murder with special circumstances and two counts of elder abuse. His parents were the victims. On May 16, 2002, he was sentenced to life imprisonment without the possibility of parole.

He appealed. His conviction was affirmed by the California Court of Appeal in 2004 and his petition for review was denied by the California Supreme Court in 2005. He also filed unsuccessful petitions for writ of habeas corpus in state court.

The petition for writ of habeas corpus in this action was originally filed on December 30, 2005. The action was stayed at Duvardo's request so that he could exhaust state court remedies as to some of his claims. On June 12, 2007, Duvardo filed a "motion to submit habeas," an amended habeas petition and a request for appointment of counsel.

## DISCUSSION

A.  Lifting The Stay And Reopening The Action

As soon as he filed his federal petition, Duvardo sought a stay so he could exhaust state court remedies as to some unexhausted claims. The court required him to file a motion for a stay that complied with Rhines v. Weber, 125 S. Ct. 1528 (200). Duvardo did so, and the court stayed the proceedings and administratively closed the case. Duvardo recently filed a motion to submit habeas that, liberally construed, appears to inform the court that he has completed his exhaustion efforts and wants to proceed with this action. He also filed an amended habeas petition with his motion to submit habeas. No opposition to the motion was made, but that is because the stay was imposed at the outset of the action before respondent was served or entered any appearance in this action.

Upon due consideration, the court GRANTS the motion to submit habeas. (Docket # 10.) The stay is lifted. The clerk will REOPEN this action that had been closed administratively. The court now does the initial review of the amended petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

B.  Initial Review Of Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

2

thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition lists seven claims: (1) Duvardo's right to due process was violated because the evidence was insufficient to support the verdicts, (2) his right to due process was violated by the "introduction of unqualified and otherwise inadmissible 'victimology' opinion testimony," (3) his right to due process was violated by the admission of impermissible character evidence, (4) his rights to effective assistance of counsel and due process were violated by counsel's failure to submit critical items of evidence to proper forensic testing and/or examination, (5) his right to due process was "violated by the illegal bar of police reports that permitted the state to misrepresent known facts," (6) cumulative error, and (7) his right to due process and effective assistance of appellate counsel were violated by appellate counsel's failure to raise critical issues in the original appeal. See Amended Petition, p. 2-3. The federal constitutional claims asserted are cognizable and warrant a response from respondent.

In several of the claims, Duvardo asserts that the errors violated state law as well as the federal constitution. The allegations of state law errors are dismissed without leave to amend because state law errors cannot support habeas relief in federal court. Federal habeas relief is only available for a violation of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(d), and is not available for a state law error.

## CONCLUSION

1. The amended petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order and a copy of all the documents in the case file upon respondent and respondent's attorney, the Attorney General of the State of California.

3

3.  Respondent must file and serve upon petitioner, on or before **September 21, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 26, 2007**.

5.  Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  The "motion to submit habeas" is construed to be a motion to lift the stay, reopen the action, and proceed with the amended petition and is GRANTED. (Docket # 10.)

7.  Petitioner's third request for appointment of counsel is DENIED for the same reasons his first request for counsel was denied in the order upon initial review. (Docket # 11.)

IT IS SO ORDERED.

DATED:  July 11, 2007

Marilyn Hall Patel
United States District Judge

4